## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR CADIZ, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 15-2625 |
| | : | |
| TAMMY FERGUSON et al., | : | |
| Respondents. | : | |

## O R D E R

On May 7, 2015, state prisoner Hector Cadiz, proceeding *pro se*, sought habeas relief, challenging his conviction on seven grounds, including ineffective assistance of counsel, involuntary plea, and denial of due process.  (Doc. No. 1); 28 U.S.C. § 2254.  Petitioner also challenged his sentence as illegal.  (Id.)  I referred the matter to the magistrate, who has recommended denying relief because the claims are procedurally defaulted or otherwise non-cognizable. (Doc. No. 22.)  Petitioner has objected on the grounds that the magistrate erred by denying him discovery and an evidentiary hearing and in refusing to excuse his procedural defaults.  (Doc. No. 29.)  I will overrule Petitioner's objections, adopt the magistrate's Report and Recommendation, and deny the Petition.

### I.      Background

On August 21, 2008, Petitioner entered an open guilty plea to rape, involuntary deviate sexual intercourse, and terroristic threats.  (Doc. No. 6, Ex. 10.) These charges arose from Petitioner's sexual assault and rape of a fifty-five year old woman after the victim allowed Petitioner into her home for a cup of water.  (Id., Ex. 56.)

On March 18, 2009, Montgomery County Common Pleas Judge Paul W. Tressler sentenced Petitioner to an aggregate term of fifteen to thirty years imprisonment as follows: ten to twenty years incarceration for rape and a consecutive five to ten years incarceration for

involuntary deviate sexual intercourse. Petitioner received no term of incarceration for the terroristic threats conviction. (Id., Ex. 42 at 9-10.) Petitioner, who is fluent in Spanish, was represented by Kathryn Taxis at the plea proceeding and by Joanna Cruz at sentencing. Ms. Cruz also served as an interpreter at the plea proceeding. When pleading guilty, Petitioner agreed to the underlying facts in the affidavit of probable cause. (Id., Ex. 51 at 6; Ex. 56.) Petitioner did not appeal.

In April 2009, Petitioner filed a timely *pro se* Motion to Withdraw Guilty Plea under Pennsylvania's Post Conviction Relief Act. 42 Pa. C.S. §§ 9541-9551. (Id., Ex. 19.) Judge Tressler denied the Motion without prejudice and appointed John Armstrong to represent Petitioner. (Id., Exs. 23, 27.) After Mr. Armstrong failed to file anything on Petitioner's behalf, Petitioner moved *pro se* for new counsel, which Judge Tressler denied. (Id., Exs., 28, 29.)

In September 2009, Petitioner filed a *pro se* "writ of mandamus" to the PCRA Court, arguing that his guilty plea was involuntary, and that both Ms. Cruz and Mr. Armstrong were ineffective. (Id., Ex. 45.) After reviewing the record, Judge Tressler denied the Motion and permitted Petitioner to amend with new appointed PCRA counsel, Joseph J. Hylan. (Id., Exs. 2, 54.)

In May 2010, Judge Tressler held a hearing, at which Petitioner and Ms. Cruz testified. (Id., Ex. 53.) Judge Tressler determined that Petitioner knowingly, intelligently, and voluntarily pled guilty and denied the Petition. (Id. at 26.)

In June 2010, Petitioner appealed to the Pennsylvania Superior Court. (Id., Ex. 30.) After determining that Petitioner raised a potentially meritorious issue—namely, that Ms. Cruz failed to represent Petitioner on direct appeal despite Petitioner's *pro se* attempts to challenge his

guilty plea—the Superior Court vacated Judge Tressler's Order and remanded.  (Doc. No. 12, Apr. 20, 2011 Op.)  It also denied Mr. Hylan's request to withdraw.  (Doc. No. 6, Ex. 43.)

Petitioner filed a counseled Amended Petition. Judge Carolyn Tornetta Carluccio (to whom the matter was reassigned) held a hearing in September 2013 during which Petitioner and Ms. Cruz once again testified.  (Doc. No. 12, Sept. 26, 2013 PCRA Hearing.)  At the hearing, Ms. Cruz testified that she reviewed with Petitioner the Spanish version of the sentencing colloquy, including the provisions addressing Petitioner's post-sentence and appellate rights.  (Id. at 24-25.)  She further testified that she would have filed an appeal had Petitioner asked her, but he did not.  (Id.)  Finally, she testified that Petitioner received several benefits in exchange for his guilty plea, including the Commonwealth's agreement to dismiss several charges, not seek a 25-year mandatory minimum based on Petitioner's prior rape conviction, and forego a designation of sexually violent predator.  (Id. at 25-26.)  Crediting Ms. Cruz's testimony and explicitly finding that Petitioner "never asked trial counsel to file a direct appeal on his behalf," Judge Carluccio denied the Petition and permitted Mr. Hylan to withdraw.  (Doc. No. 20 at Ex. 5.)

Petitioner appealed, contending that: a) the Common Pleas Court failed to comply with the Superior Court's Remand Order; b) "his application for relief should be granted"; c) the PCRA Court denied him due process by sentencing him outside the Pennsylvania Sentencing Guidelines; and d) a foreign conviction was impermissibly used in calculating his Sentencing Guidelines range.  (Doc. No. 6 at Exs. 98, 108.)

In February 2015, the Superior Court affirmed, concluding that Petitioner waived his argument respecting the Remand Order.  (Doc. No. 12, Feb. 9, 2015 Or. at 7); Pa. R.A.P. 1925(b).  The Superior Court also rejected two potential "generously construed" ineffectiveness

claims respecting the voluntariness and validity of his plea.  (<u>Id.</u> at 8-9.)  Finally, it rejected Petitioner's third and fourth challenges, concluding that the inclusion of Petitioner's Puerto Rico rape conviction did not render Petitioner's sentence illegal and did not violate <u>Alleyne v. United States,</u> 133 S. Ct. 2151 (2013). (<u>Id.</u> at 10 ("[T]he law in this Commonwealth presently allows the use of a prior conviction to enhance a defendant's mandatory minimum sentence without a jury determination beyond a reasonable doubt.").)  It thus denied relief.  Petitioner did not seek *allocatur*.

On May 7, 2015, Petitioner filed the instant Petition, raising claims on the following grounds:

1.  Ms. Cruz's ineffectiveness for: a) being biased based on her "background and being a female"; b) serving as both Mr. Cadiz's interpreter at the plea proceeding and as counsel at sentencing, c) failing to advise Petitioner on the significance of open pleas and mandatory sentences; and d) failing to object to the use of Petitioner's Puerto Rico rape conviction at sentencing;

2.  Mr. Armstrong's ineffectiveness for failing "to take any effective action";

3.  Mr. Hylan's ineffectiveness for failing to raise all the issues in the Superior Court's Remand Order;

4.  Involuntary guilty plea based on prosecutorial  misconduct;

5.  Illegal sentence because the inclusion of his 1990 Puerto Rico rape conviction violated <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), and <u>Commonwealth v. Hopkins</u>, 117 A.3d 247 (Pa. 2015);

6.  Denial of due process when the Superior Court determined that some of his claims were waived;

7.   Denial of due process because he was prosecuted without an indicting grand jury.

(Doc. No. 1.)

The Commonwealth has responded, arguing that the waiver/due process claim (Ground 6) is non-cognizable, and the remaining claims are defaulted. (Doc. No. 11.)  The matter was fully briefed before the magistrate.  (Doc. Nos. 22, 24, 26, 28.)  After I granted Petitioner two extensions, Petitioner objected to the magistrate's Report and Recommendation.  (Doc. No. 29.)

## II.      Standards

I must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); E.D. Pa. Local Rule Civ. P. 72.1 (IV)(b) (written objections to a Report and Recommendation must specifically identify the portions of the Report to which objection is made).  I may "accept, reject, or modify, in whole or in part" the Magistrate's findings or recommendations.  Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

I may grant habeas relief only if the state court's merits decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  18 U.S.C. § 2254(d)(1)-(2).  The "clearly established Federal law" governing Petitioner's ineffectiveness claims is set out in Strickland v. Washington, 466 U.S. 668 (1984).  Accordingly, I must decide whether the PCRA court's application of Strickland was "objectively unreasonable."   Bell v. Cone, 535 U.S. 685, 698-99 (2002); Commonwealth v. Sneed, 899 A.2d 1067 (Pa. 2006).  Petitioner must show that the PCRA court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 103

(2011); <u>Pinholster</u>, 131 S. Ct. at 1398 (a state-court decision must "be given the benefit of the doubt").

To make out ineffectiveness, Petitioner must show: (1) his attorney's representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different.   See <u>Strickland</u>, 466 U.S. at 688.   Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§ 2254] habeas."  <u>Yarborough v. Gentry</u>, 540 U.S. 1, 6 (2003).   If I conclude that counsel's strategy was not unreasonable, I need not address prejudice.   <u>United States v. Lilly</u>, 536 F.3d 190, 196 (3d Cir. 2008).   I must conduct an evidentiary hearing "unless the [§ 2254] motion and files and records of the case show conclusively that [the petitioner] is not entitled to relief."  <u>Id.</u> at 195 (internal quotation marks omitted).

## III.   <u>Discussion</u>

Petitioner objects to the magistrate's denial of his requests for discovery or a hearing. (Doc. No. 29 at 2-3.)   Petitioner also cursorily objects to the magistrate's conclusion that his procedural defaults are not excused.   (<u>Id.</u> at 7.)   In addition, Petitioner repeats many of the arguments he offered in his Petition.  See <u>Nghiem v. Kerestes</u>, 2009 WL 960046, at *1 n. 1 (E.D. Pa. Apr.3, 2009) (I need not consider <i>de novo</i> objections that "merely re-articulate[] all the claims and theories for relief in the Petition").   I will nonetheless construe his submissions liberally and address the objections he apparently seeks to raise.  See <u>Brown v. Astrue</u>, 649 F.3d 193, 195 (3d Cir. 2011) (district courts may not decline to afford <i>de novo</i> review merely because objections "rehash" arguments made to Magistrate Judge).

a.  Discovery

The magistrate did not err by refusing discovery. "A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, a petitioner seeking discovery "must specify the discovery sought and 'provide reasons for the request.'"  Chambers v. Sec'y Pa. Dep't of Corr., 442 F. App'x 650, 655 (3d Cir. 2011) (citing Rule 6(b), 28 U.S.C. foll. § 2254). Here, Petitioner has explained only cursorily that discovery was necessary to "fully present his actual innocence and that a miscarriage of justice has been imposed." (Doc. No. 14.)  He has not explained with any specificity what documents or other evidence he sought to uncover, however.  The magistrate thus did not err by refusing to grant Petitioner's discovery requests.  (Doc. No. 15.)  Accordingly, I will overrule Petitioner's objection.

b.  Hearing

The magistrate did not err by declining to hold a hearing.  State court factual findings are presumptively correct, and an evidentiary hearing is not necessary "[i]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief."  Palmer v. Hendricks, 592 F.3d 386, 391-92 (3d Cir. 2010) (citing Schriro v. Landrigan, 550 U.S. 465, 474 (2007)).  Here, because Petitioner's claims are meritless, defaulted or otherwise non-cognizable, the magistrate properly determined that a hearing would be pointless. Accordingly, I will overrule Petitioner's objection.

c.  Procedural Default (Grounds 1, 2, 3, 4, 5, and 7)

Petitioner cursorily objects to the magistrate's conclusion that Petitioner has not shown cause to excuse his procedural defaults of all but his sixth claim (respecting waiver under Pa. R.A.P. 1925(b)) because he failed to present these claims to the Superior Court.  (Doc. No. 22 at

11); Doc. No. 29 at 7 ("The issues in this case, involving non exhaustion, waiver and procedural default are excusable.").)  The magistrate further concluded that there is no remaining state court avenue for relief because any filed PCRA Petition is time-barred.  42 Pa. C.S. § 9545 (one-year PCRA jurisdictional time-bar); see also O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (unexhausted claims become procedurally defaulted).  Overall, I agree that Petitioner has not shown cause to excuse his defaults. Because I conclude that Petitioner has exhausted some of the claims the magistrate deemed defaulted, however, I will address those claims on the merits.

I agree that Petitioner did not exhaust his claims regarding PCRA Counsels' ineffectiveness or Pennsylvania's charging procedure (Grounds 2, 3, 7).  Even assuming, arguendo, Petitioner timely challenged Mr. Armstrong's effectiveness in his September 2009 filing, he did not appeal Judge Tressler's denial of this claim (Ground 2).  (Doc. No. 6, Ex. 45). He thus failed to exhaust this claim.  See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) ("All claims . . . [on] habeas corpus review must have been fairly presented to each level of the state courts.").  Additionally, Petitioner did not raise in state court his instant claims respecting Mr. Hylan's ineffectiveness or Pennsylvania's charging procedure.  These claims, too, are thus procedurally defaulted (Grounds 3, 7).  See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (procedural default may be excused only if petitioner shows cause for the default and actual prejudice).

In urging me to excuse his defaults, Petitioner first asserts his actual innocence based on a laboratory report purportedly contradicting the victim's account of the sexual assault.  (Doc. No. 13 at 1; Doc. No. 29 at 7.)  As the magistrate concluded, Petitioner has not explained how such reports are inconsistent with the victim's account, despite being provided an opportunity to do so.  (Doc. No. 22 at 15-16.)  I thus agree that Petitioner has not presented "reliable" or recently-

discovered exculpatory evidence excusing his default.  See Schlup v. Delo, 513 U.S. 298, 299 (1995) ("[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare and must be supported by new reliable evidence that was not presented at trial."); (Doc. No. 13 at 1).  Nor has Petitioner shown that the "system for lawyers designed to bring about decisions in indigent's criminal cases" constitutes a fundamental miscarriage of justice.  (Doc. No. 29 at 7.)  Petitioner has thus not shown cause to excuse his defaults.

Moreover, Petitioner may not rely on Martinez v. Ryan to excuse the default of his two PCRA Counsel ineffectiveness claims.  132 S. Ct. 1309, 1316 (2012); (Doc. No. 1, Grounds 2 and 3).  To the extent Petitioner argues that Mr. Armstrong ineffectively failed to raise Ms. Cruz's ineffectiveness, such a claim is meritless (Ground 2).  See Glenn v. Wynder, 743 F.3d 402, 410 (3d Cir.), cert. denied sub nom. Glenn v. Walsh, 134 S. Ct. 2700, (2014) (to excuse default under Martinez, a claim of underlying ineffectiveness of trial counsel must be "'a substantial one, which is to say, 'the claim has some merit.").  As I discuss in detail below, Ms. Cruz was not ineffective, so any failure by PCRA counsel to raise this claim does not entitle Petitioner to relief.

I also agree with the magistrate that the limited Martinez exception is inapplicable to Petitioner's claim that Mr. Hylan ineffectively failed to comply with the Superior Court's Remand Order (Ground 3).  Such a claim is not cognizable on habeas review.  See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Shirey v. Giroux, 2014 WL 5825309, *7 (M.D. Pa. 2014) ("The [Martinez] finding was limited to situations where PCRA counsel failed to raise issues of ineffective assistance by trial

counsel and thereby procedurally defaulted the claim.").   Petitioner has thus not excused his default of Grounds 2 and 3.

Although Petitioner did not explicitly raise the remaining claims underlying Grounds 1, 4, and 5, the state courts broadly addressed these claims.   (Compare Doc. No. 1 with Doc. No. 6 at Ex. 108.)   Indeed, as I have discussed, the Superior Court, in attempting to "generously construe[]" Petitioner's appeal, explicitly rejected claims respecting Ms. Cruz's ineffectiveness, plea involuntariness, and illegal sentence, which roughly overlap with Petitioner's instant first, fourth, and fifth claims.   (Doc. No. 12, Feb. 9, 2015 Or. at 7-10.)   The magistrate thus erred in concluding that Grounds 1, 4 and 5 were procedurally defaulted.   See Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992) (federal claim has been "fairly presented" to state court before filing of habeas corpus petition if claim brought in federal court is "substantial equivalent" of that presented to state court).   Accordingly, I will address why, regardless of whether Petitioner exhausted his claims underlying Grounds 1, 4, and 5, none is meritorious.

As I have discussed, after hearing testimony from both Petitioner and Ms. Cruz, Judge Carluccio determined that Ms. Cruz was not ineffective for failing to file a direct appeal on Petitioner's behalf.   (Doc. No. 20, Ex. 5.) On this record, the Superior Court also explicitly rejected that "plea counsel was ineffective in failing to advise [Petitioner] about the validity of the mandatory sentencing statute or in failing to advise him to challenge his plea by way of a post-sentence motion or direct appeal."   (Doc. No. 12, Feb. 9, 2015 Or. at 8-9.) The Superior Court also determined that Ms. Cruz was not ineffective for failing to object to the use of Petitioner's Puerto Rico rape conviction at sentencing because such an objection would have been pointless.   (Id. at 10 ("The Commonwealth presently allows the use of a prior conviction to

enhance a defendant's mandatory minimum sentence without a jury determination beyond a reasonable doubt . . . . Thus, at the present time, prior convictions do not trigger the Sixth Amendment concerns that <u>Alleyne</u> addressed.").)    Petitioner has not undermined these conclusions, nor has he offered any evidence that Ms. Cruz was ineffective based on her gender or by serving as both interpreter and counsel.  I will thus defer to the state courts' conclusions and reject Petitioner's ineffectiveness claim respecting Ms. Cruz (Ground 1).  <u>Cone</u>, 535 U.S. at 698-99 ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly.").

I will also defer to the Superior Court's conclusions respecting Petitioner's involuntary plea and illegal sentence claims.  (Grounds 4 and 5.)  The Superior Court explicitly rejected any suggestion that Petitioner's plea resulted from prosecutorial misconduct.  (<u>Id.</u> at 8 ("Appellant alleges that his guilty plea was invalid because it was coerced by the Commonwealth's threats to seek the imposition of a mandatory scheme that he claims was demined unconstitutional . . . These contentions are meritless.").)  Rather, the Superior Court determined that Petitioner pled guilty "in exchange for the withdrawal of several charges, as well as the Commonwealth's agreement not to pursue his classification as a sexually violent predator."  (Doc. No. 12, Feb. 9, 2015 Or. at 12.)  In light of Ms. Cruz's testimony to this effect, such a conclusion is not "objectively unreasonable."  <u>See</u> <u>Renico v. Lett</u>, 559 U.S. 766, 773 (2010) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 365 (2000)).  Petitioner has thus not shown that his plea was involuntary.

Furthermore, the Superior Court rejected Petitioner's free-standing illegal sentence claim because Petitioner merely challenged the sentence's discretionary aspects.  As the Superior Court concluded, such a claim is not cognizable under the PCRA.  (<u>Id.</u> at 13 (citing <u>Com. v. Evans</u>, 866 A.2d 442, 444-45 (Pa. Super. 2005)).)  Moreover, the <u>Alleyne</u> rule does not apply retroactively

to cases on collateral review.   See United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014),
cert. denied, 135 S. Ct. 695 (2014).  Once again, Petitioner has offered no evidence to undermine
this conclusion, and I will defer to it.   See Palmer, 592 F.3d at 391-92 ("[F]ederal courts
collaterally reviewing state proceedings [must] afford considerable deference to state courts'
legal and factual determinations.") (citations omitted))).  Accordingly, Petitioner is not entitled to
relief on this ground.

In sum, I agree with the magistrate that Petitioner has defaulted his second, third, and
seventh claims respecting PCRA Counsels' ineffectiveness and Pennsylvania's charging
procedure and has not excused these defaults. To the extent Petitioner has properly exhausted his
first, fourth, and fifth claims respecting Ms. Cruz's ineffectiveness, plea involuntariness, and
illegal sentence, these claims lack merit.  Accordingly, I will overrule Petitioner's objections.

d.   Waiver Claim (Ground 6)

I agree with the magistrate's conclusion that Petitioner is not entitled to relief respecting
the Superior Court's determination that some of his claims were waived under Pennsylvania
Rule 1925(b).  (Doc. No. 1, Claim 6.)   As the magistrate concluded, the Superior Court's
decision "appears to have been soundly reasoned."  (Doc. No. 22 at 17.)  The magistrate also
properly concluded that Petitioner's claim is "outside the scope of habeas review" because it was
based on an independent and adequate state law ground.  (Id.); see Estelle v. McGuire, 502 U.S.
62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court
determinations on state-law questions."); See McKinnon v. Harlow, 2014 U.S. Dist. LEXIS
181463, 15-16 (E.D. Pa. 2014) (finding Rule 1925(b)'s waiver provision independent and
adequate and citing cases holding the same).   Petitioner is thus not entitled to relief on this
claim.

12

Accordingly, I will overrule Petitioner's objections in their entirety.

**AND NOW**, this 26th day of May, 2016, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus (Doc. No. 1), Petitioner's Response (Doc. No. 16), Petitioner's Objections (Doc. No. 29) and all related submissions, and after review of Judge Angell's Report and Recommendation (Doc. No. 22), it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED;**

2. The magistrate's Report and Recommendation (Doc. No. 22) is **APPROVED AND ADOPTED**;

3. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.

                                                       **AND IT IS SO ORDERED.**

                                                 */s/ Paul S. Diamond*

                                                 _____

                                                 Paul S. Diamond, J.